THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| INA MAE STEPHENS, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:09-cv-325 (CAR) |
| WAL-MART STORES EAST, LP, and | : | |
| JOHN PAUL ZAPF, | : | |
| | : | |
|     Defendants. | : | |
| | : | |

### ORDER ON MOTION TO REMAND

Plaintiff has moved to remand this case to the State Court of Putnam County, where it was originally filed. Defendants sought to remove the case to federal court, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Although Plaintiff and Defendant John Paul Zapf are both residents of Georgia, Defendants contend that Zapf was fraudulently joined for the purpose of evading federal jurisdiction. Defendants have failed, however, to meet the "heavy" burden for proving fraudulent joinder. In the absence of clear and convincing proof of fraudulent joinder, this Court lacks subject matter jurisdiction. Accordingly, Plaintiff's Motion to Remand (Doc. 23) is **GRANTED**, and it is hereby **ORDERED** that this case shall be **REMANDED** to the State Court of Putnam County.

### DISCUSSION

On the face of the Complaint, there is no federal subject matter jurisdiction because the parties are not completely diverse. Federal courts have subject matter jurisdiction over state law claims only where the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For removal to be proper, complete diversity of citizenship

must exist, meaning that every plaintiff must be diverse from every defendant. <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). In this case, Plaintiff brings simple negligence claims under Georgia law, alleging that she "slipped and fell in an extremely slippery, clear, liquid substance on the floor" of a Wal-Mart store in Putnam County. Complaint ¶ 4 (Doc. 1 Ex. C). Plaintiff is a citizen of Georgia, Defendant Wal-Mart is a citizen of Delaware, and Defendant Zapf is a citizen of Georgia. Where Plaintiff and one of the Defendants are both from Georgia, there is not complete diversity.

Defendants contend, however, that Zapf was fraudulently joined in order to defeat complete diversity of the parties. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." <u>Triggs</u>, 154 F.3d at 1287. To prove fraudulent joinder, Defendants must show that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks omitted). The Court must evaluate all factual allegations and controlling law in the light most favorable to Plaintiff. <u>Id.</u> Where fraudulent joinder is alleged, "[t]he burden of the removing party is a 'heavy one.'" <u>Id.</u> (quoting <u>B, Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. Unit A 1981)).

Defendants cannot meet their heavy burden in this case. Defendants contend that Zapf, a store manager employed by Wal-Mart, cannot be held liable because the Georgia Code authorizes premises liability claims only against the "owner or occupier" of the premises. O.C.G.A. § 51-3-1. Georgia courts have not provided clear guidance, however, with regard to the potential liability of a store manager in a slip-and-fall case. Based on existing case law, it is possible that Zapf could be held liable under Georgia law.

The current state of the law in Georgia has been thoroughly analyzed by two other district courts in Georgia, in very similar circumstances.  See Poll v. Dell Management, Inc., No. 1:07-cv-959-RWS, 2007 WL 2460769 (N.D. Ga. Aug. 24, 2007); Ott v. Wal-Mart Stores, Inc., No. 5:09-cv-215 (HL), 2010 WL 582576 (M.D. Ga. Feb. 16, 2010).  Judge Story in Poll and Judge Lawson in Ott reviewed a number of cases from Georgia courts and determined that Georgia law was unclear as to a manager's liability in a slip-and-fall case.  In the absence of clear precedent, they held that the defendants had failed to negate the possibility of a claim against the manager.

There is no need to repeat their analysis in this case.  For the reasons set forth more fully in Poll and Ott, the Court finds that there is a possibility Defendant Zahn could be found liable under Georgia law.  As such, there is no diversity of citizenship in the case and the Court lacks subject matter jurisdiction to hear it.  It must be remanded to the State Court for further proceedings.

It is SO ORDERED this 12th day of April, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

chw